# Cochran, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Shippers—Proper appliances— Freight station—Unusual use—Negligent use—Nonsuit.*

1. A defendant who furnishes proper appliances is under no duty to take precaution against an unusual and negligent use of such appliances by others.

2. In an action against a railroad company to recover damages for personal injuries sustained by being struck by defendant's train, the court did not err in entering a compulsory nonsuit where it appeared that at the station where the plaintiff was injured there was a small frame building into which shippers of milk placed their cans; that the building had three doors, a wide door on the south side from which the cans were received from the wagons, a similar door on the north side from which they were loaded on the trains, and a small door on the west side which the shippers used as a means of access to the building; that when the weather was cold or stormy the shippers closed the door on the west side and fastened it from the inside, so that it became necessary to enter by using the steps on the west side, the only steps to the building, and walking along a narrow ledge some six or eight inches in depth and about three feet in length, to either the north or south platform; that there was no fault in the construction or maintenance of said building, and it was safe when used in the way it was intended to be used; that no agent was kept at the station and delivery of the cans to the car door was in entire charge of the shippers; that on the morning of the accident plaintiff placed his cans in the building knowing that the door was fastened from the inside and that when he returned he would not be able to enter the building through it; and that when he heard the train coming he went up the steps and from the top of them attempted to reach the north platform by stepping on a narrow ledge, and around the corner of the building, and in so doing fell and was struck by the train.

308   COCHRAN, Appellant, *v.* PENNA. R. R. CO.

Argued Feb. 10, 1914.  Appeal, No. 6, Jan. T., 1914, by plaintiff, from judgment of C. P. Chester Co., Jan. T., 1913, No. 68, refusing to take off nonsuit in case of Henry L. Cochran v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass for personal injuries.  Before BUTLER, J.

On the trial it appeared that the building in which the shippers of milk put their cans had three doors, a wide door on the south side at which the cans were received from the wagons, a similar door on the north side from which they were loaded onto the trains, and a small door on the west side which the shippers used as a means of access to the building.  The only steps to the building, the floor of which was about three and a half feet above the ground, were those leading to the west side, and when that door was closed it was necessary, in order to enter the building, to use those steps and then walk along a narrow ledge some six or eight inches wide and about three feet in length to either the north or south platform.

Other facts appear by the opinion of the Supreme Court.

The court directed that a nonsuit be entered and dismissed the rule to show cause why the judgment of nonsuit should not be stricken off.  Plaintiff appealed.

*Errors assigned* were in dismissing the rule to show cause why the judgment of nonsuit should not be stricken off and in not taking off the nonsuit.

*Granville L. Rettew,* with him *J. Barton Rettew,* for appellant.

*A. M. Holding,* for appellee.

PER CURIAM, February 23, 1914:

At the flag station where the plaintiff was injured there was a frame building seven feet wide and thirteen feet long, into which shippers of milk placed their cans and from which they removed them to a platform on the north side and to the door of the car in which they were to be carried. There was a similar platform on the south side where milk cans were unloaded from wagons and carried through a wide doorway into the building. Access to the building was by a door at the west end which was reached by three or four steps leading from the ground. When the weather was cold or stormy, the shippers of milk were accustomed to close this door and fasten it by a wooden button on the inside or by stacking their cans against it, to prevent their milk from freezing and the tags from being blown off the cans. An agent was not kept at the station and delivery of milk to the car door at the edge of the north platform was in the entire charge of the shippers. On the morning of the accident the plaintiff placed his cans in the building and went elsewhere while awaiting the arrival of the train. He knew that the door was fastened from the inside and that when he returned he would not be able to enter the building through it. When he heard the train coming he went up the steps and from the top of them attempted to reach the north platform by stepping on a narrow ledge, and around the corner of the building. In so doing he fell and was injured by the train.

The building provided by the defendant was safe when used in the way it was intended to be used. There was no fault in construction or maintenance. The only danger was that caused by the plaintiff and other shippers, in shutting off their means of access by the door. A defendant is under no duty to take precaution against an unusual and negligent use of proper appliances by others: Graeff v. Railroad, 161 Pa. 230.

The nonsuit was properly entered and the judgment is affirmed.